CATHERINE E. CHADBOURN *vs.* PATRICK H. RAHILLY, Intervenor, impleaded, etc.

## November 9, 1881.

**Priority between Chattel Mortgages.**—J. R. executed, at the same time, two chattel mortgages on the same property,—one to P. H. R. and P. M. T., and the other to P. H. R. alone,—with the understanding of all the parties that the mortgage to P. H. R. and P. M. T. should be the first lien, and be filed first. Through mistake or inadvertence, the mortgage to P. H. R. was filed first. *Held*, that the other was entitled to priority.

John Rahilly, defendant in this action, being indebted to the plaintiff, gave to her his note, signed by intervenor and P. M. Tolbert as sureties. To secure his sureties, defendant gave to them a chattel mortgage upon certain personal property, which was filed February 16, 1877. On February 19, 1877, to secure an indebtedness of $2,000, there was filed a second chattel mortgage, on the same property, made by defendant Rahilly to the intervenor. On February 14, 1879, both of these mortgages were renewed and filed, as stated in the opinion. In September, 1879, plaintiff commenced an action against defendant and the sureties on the note. The sureties defended, claiming a release by reason of an extension by plaintiff of the time of payment, and judgment was entered, under stipulation, as recited in the opinion, subrogating plaintiff to the rights of the sureties under their mortgage. This action was commenced in the district court for Olmsted county, by plaintiff, claiming under the mortgage to the sureties, to recover the possession or value of the mortgaged property. The intervenor filed his complaint, claiming a prior lien under the mortgage to himself, and appeals from a judgment entered in favor of plaintiff, after a trial before *Mitchell, J.*, without a jury.

*E. M. Card,* for appellant.

The chattel mortgage to the sureties was given to indemnify them personally, and was not a security for the debt; and a release of the sureties extinguishes it. Herman on Chattel Mortgages, § 157; *Sumner* v. *Bachelder*, 30 Me. 35; *Bonham* v. *Galloway*, 13 Ill. 68.

*Arthur L. Gove*, for respondent.

GILFILLAN, C. J.* Action in replevin. The plaintiff claims the property under a chattel mortgage executed by John Rahilly, the owner, to the intervenor, P. H. Rahilly, and P. M. Tolbert, to indemnify them as sureties in a note executed by them, as sureties, and John Rahilly, as principal, to plaintiff, and which mortgage was by such sureties assigned to plaintiff. The intervenor claims under a chattel mortgage executed by John Rahilly to him, to secure a debt due from the former to him, and which mortgage he claims to be a lien prior to the lien of the plaintiff's mortgage. The mortgages were executed simultaneously on February 14, 1879, but the intervenor's mortgage was filed at 1 o'clock P. M. of the 15th, and the other at 8 o'clock P. M. of that day. The court below found, as a fact, that the mortgages were executed, with the understanding of all the parties thereto that the lien of the mortgage to the sureties should be prior to the lien of the other mortgage, and that the mortgage to the sureties should be filed first, but that, by mistake or inadvertence, the mortgage to intervenor was filed first. That this must have been the intention is apparent from the fact that the two mortgages were merely renewals of two prior mortgages, which then stood as liens in the same order of priority, and this was known to all the parties. The fact thus found disposes of the intervenor's claim to priority of lien for his mortgage, for, having taken his with knowledge of that to the sureties, and with the understanding that his lien should be subject to the prior lien of the sureties, he cannot, so as to defeat their mortgage, claim to be a subsequent mortgagee in good faith.

The intervenor further claims that, the mortgage to the sureties being merely indemnity to them and not security for the debt, the creditor could not be subrogated to their rights, either under the doctrine of subrogation, or by virtue of the assignment to her; and also that, by the subsequent discharge of the sureties from their liability, the mortgage to them became extinct. These questions are, as between the parties, *res adjudicata*. After the execution of the

*Mitchell, J., having tried the case in the district court, took no part in the decision of this appeal.

two mortgages, plaintiff brought suit against John and P. H. Rahilly and P. M. Tolbert, to recover the amount due on the note; and in that action, by agreement of the parties, judgment was rendered that plaintiff recover of John Rahilly the sum of $792.20; that she be subrogated to all the rights of the sureties in the mortgage to them; that they assign the mortgage to her; that such assignment vest the mortgage in her as security for the payment of the note and judgment against John Rahilly; and that, upon making the assignment, the sureties be discharged from personal liability. The assignment to the plaintiff was made pursuant to this judgment. The judgment, which none of the parties to it can question in this collateral action, not only keeps the mortgage alive notwithstanding the discharge of the sureties, but determines the right of subrogation to it, and what it is security for—that it is security for the debt—and also fixes the amount of the debt for which it is security, at the amount of the judgment against John Rahilly. That disposes of the intervenor's objection to the mortgage, and also his objection that the court below erred in its finding of the value of plaintiff's interest in the property.

Judgment affirmed.