# M. C. McVay v. John M. English.

1. CHATTEL MORTGAGE; *Attachment; Paramount Right of Mortgagee.* A chattel mortgage was executed August 17, 1880; the mortgagor retained the possession of the mortgaged property; the mortgage debt became due August 27, 1880; the mortgage was filed with the register of deeds September 4, 1880; the defendant in this action levied an attachment upon the mortgaged property September 6, 1880, and the mortgagee, as plaintiff, commenced this action of replevin for the mortgaged property on September 7, 1880. *Held,* Upon these facts, that the right of the plaintiff to the possession of the mortgaged property is paramount to that of the defendant; that it is true that where the mortgagee of a chattel mortgage does not take immediate possession of the mortgaged property, the mortgage must "be forthwith deposited in the office of the register of deeds, in the county where the property shall then be situated; or if the mortgagor be a resident of this state, then of the county of which he shall at the time be a resident," or the mortgage, for the time being, will be absolutely null and void as against creditors and subsequent purchasers and mortgagees. (Comp. Laws of 1879, ch. 68, art. 2, ?9.) But while this is so, yet a mortgage may be made valid at any time after its execution by the mortgagee depositing the same in the office of the register of deeds, and from and after the time when the mortgage is so deposited the mortgage will be valid as against all creditors and subsequent purchasers and mortgagees, or persons who did not have any specific interest in or lien upon the mortgaged property, prior to the time when the mortgage was so deposited with the register of deeds.

2. ———— *Held,* In the present case, that the mortgaged property was sufficiently described in the mortgage.

## *Error from Rice District Court.*

AT the January Term, 1882, of the district court, plaintiff *English* had judgment against defendant *McVay,* who brings it here for review. The opinion states the case.

*Whiteside & Campbell,* for plaintiff in error.

*Ansel R. Clark,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was begun on September 7, 1880, in the district court of Rice county, upon the following petition, to wit (court and title omitted): .

"The said John M. English, plaintiff, by Ansel R. Clark, his attorney, comes now and complains of the said defendant, M. C. McVay, and for cause of action against him says:

"1. That on, to wit, the 17th day of August, 1880, one E. W. French, being indebted to this plaintiff in the sum of one hundred and ninety and $\frac{64}{100}$ dollars, did execute and deliver to this plaintiff, by the style and name of J. M. English, one certain chattel mortgage bearing date August 17, 1880, in which he did mortgage to plaintiff, to secure a note given on the same day to plaintiff for the said indebtedness, and which note was made due to plaintiff by the name and style of J. M. English, ten days after the date thereof, with twelve per cent. interest after maturity, the following-described personal property, to wit: Eight butts of tobacco, weighing 192 pounds, and branded and known by the name of 'Perfection;' eight butts of tobacco, weighing 200 pounds, and known and branded by the name of 'Lorillard Climax;' four butts of Lorillard one-pound plugs tobacco, weighing 156 pounds; two butts of tobacco named and branded 'Sterling,' weighing 88 pounds; and two butts of 'Horse-shoe' tobacco, weighing 48 pounds, and all worth in the aggregate at wholesale $337; all of which is properly described in said mortgage as being owned and kept by said E. W. French in the store building situated on lot No. 103, on Broadway street, in the city of Sterling, in Rice county, Kansas; and plaintiff says that said chattel mortgage was by him duly filed for record in the office of register of deeds in and for said Rice county on September 4, 1880, at 5 o'clock P. M. And plaintiff says that by virtue of his said mortgage he holds a lien upon all of the property therein described, to the full amount of his said note.

"And plaintiff says that the said defendant unjustly and unlawfully holds and detains from plaintiff the possession of a portion of said property, to wit: Of seven butts of tobacco, weighing 168 pounds, and branded and known by the name of 'Perfection,' of the value of $65.52; four butts of tobacco, weighing 80 pounds, and branded and known as 'Lorillard's Climax,' of the value of $44.80; four butts of Lorillard's one-pound-plug tobacco, weighing 156 pounds, of the value of $81.12; two butts of tobacco named and branded 'Sterling,' weighing 88 pounds, of the value of $42.24—being a total value of $233.68.

"And that, on September 6, 1880, plaintiff demanded of the defendant the possession of the said property so held and detained by defendant, by virtue of plaintiff's said chattel

24—30 KAS.

mortgage, and the defendant refused to deliver the same to plaintiff, but he continues to hold and detain the possession thereof against the rights of plaintiff, and defendant has held the possession of said property and unlawfully detained the same from plaintiff since the time of making a demand therefor as aforesaid, on September 6, 1880, and he has wholly deprived the plaintiff of all use and benefit thereof, to the damage of plaintiff fifty dollars.

"Wherefore, plaintiff prays an order against said defendant, that he may be ordered to deliver to plaintiff the said goods and chattels so detained by him, and also for judgment against defendant for the said sum of fifty dollars, his damages for such unlawful detention. A copy of said chattel mortgage, with a copy of said note written therein, and the time of filing in the office of the register of deeds as aforesaid indorsed thereon, to wit, a certificate of said register of deeds attached thereto certifying it to be a true copy of the original filed in his office, is hereto attached, marked 'Exhibit A,' and made a part of this petition, and to which reference is thereby made."

The defendant answered by filing a general denial, but as this answer was not verified by affidavit, all the allegations of the petition concerning the execution of the chattel mortgage must be taken as true. (Civil Code, § 108.)

A trial was had before the court without a jury, and all the allegations of the petition were duly proved, and the court found generally in favor of the plaintiff and against the defendant, and rendered judgment accordingly. The defendant brings the case to this court, and asks for a reversal of said judgment. He claims that the facts set forth in the petition of the plaintiff below and proved on the trial, are not sufficient to entitle the plaintiff to any judgment; and this he claims for the following reasons: (1) he claims that the chattel mortgage was and is void because it was not deposited in the office of the register of deeds immediately after its execution, and that when it was deposited—which was eighteen days after its execution—the claim which it was given to secure had already become due; and that when it was deposited, it was so deposited without the consent of the mort-

gagor; (2) that the mortgaged property was not sufficiently described, either in the mortgage or by the evidence.

We think that with reference to both these matters the decision of the court below is correct. It is true, that where the mortgagee of a chattel mortgage does not take immediate possession of the mortgaged property, the mortgage must "be forthwith deposited in the office of the register of deeds in the county where the property shall then be situated; or, if the mortgagor be a resident of this state, then of the county of which he shall at the time be a resident," or the mortgage will, for the time being, be absolutely null and void as against creditors and subsequent purchasers and mortgagees. (Comp. Laws of 1879, ch. 68, art. 2, § 9.) But while it is so void, yet it may be made valid by the subsequent acts of the parties; for instance, it may be made valid by the delivery of the mortgaged property to the mortgagee. (*Cameron v. Marvin*, 26 Kas. 612, 625, and cases there cited.) And we think the mortgage may be made valid at any time after its execution by the mortgagee depositing the same in the office of the register of deeds. Of course it becomes valid as against creditors and subsequent purchasers and mortgagees only, as of the date of depositing the same, and does not relate back so as to invalidate interests or rights already obtained by other persons in or to the mortgaged property. We cannot think that the fact that the debt secured by the mortgage was past due when the mortgage was deposited with the register of deeds, can make any difference with reference to its validity; nor can we think that the fact that the mortgagor had not, at the time of the depositing of the mortgage in the register's office, given his express consent that the mortgage should be so deposited, can make any difference. It must be presumed, in the absence of anything to the contrary, that the mortgagor was at all times willing and consenting that the mortgage should be deposited in the office of the register of deeds for the purpose of making it valid. He executed it for that purpose; and probably the law would not, at any time after the execution of the same, allow him to dissent so

as to render the mortgage void, or so as to prevent it from becoming completely and absolutely valid for all purposes, after its deposition with the register of deeds. The case of *Wilson v. Leslie*, 20 Ohio, 161, seems to sustain the foregoing views. On page 166 of that report, the court uses the following language:

"But the mere fact that the mortgagee omitted for several days or several weeks to deposit his mortgage deed with the clerk of the township or recorder of the county, as the case might require, would by no means render his security void. . . . Until placed in the proper office, a mortgage of chattels in our state would be void as against other creditors of the mortgagor and subsequent purchasers and mortgagees whose rights then attach. But when filed with the clerk or recorder, the instrument becomes valid and effective against all men except those whose rights have thus previously attached."

We know of no decision in any state where the statutes are similar to ours, that is inconsistent with the views above expressed. In the present case the mortgage was executed on August 17, 1880; the mortgage debt became due August 27, 1880; the mortgage was filed with the register of deeds September 4, 1880; the defendant levied an attachment upon the mortgaged property September 6, 1880; and the plaintiff commenced this action and replevied the mortgaged property on September 7, 1880. Upon these facts, we think the right of the plaintiff to the possession of the mortgaged property is paramount to that of the defendant.

We think the property was sufficiently described in the mortgage, and was also sufficiently identified by the evidence.

The judgment of the court below will be affirmed.

All the Justices concurring.