THE AULTMAN-TAYLOR COMPANY V. JULIAN MCGEORGE, *et al.*

1. NOTES—*Rule as to Order of Payment.* It is a general rule that where two or more notes, secured by a single mortgage, fall due at different times, they should be paid out of the mortgage fund in the order of their maturity, unless some agreement or some paramount equity would require a different order of payment.

2. NOTES—*Pro Rata Payment, When.* And where two or more notes, secured by a single mortgage, fall due on the same day, and the mortgage fund is not sufficient to pay the entire amount of the notes, the notes should be paid *pro rata* out of the mortgage fund, unless some agreement or paramount equity would require a different mode of payment.

3. —————— And these rules apply, whether the notes are still held by the original mortgagee, or are held by him and others, or entirely by others.

4. NOTES—*No Priority of Payment out of Mortgage Fund.* Where T., as the agent of A., sold agricultural implements to M., and took several promissory notes in payment therefor, executed by M. to A. or order, to become due at different times, and also took a chattel mortgage executed by M. to A. on these agricultural implements to secure the payment of these notes; and, in accordance with a previous agreement and understanding between T. and A., two of these notes were delivered to T. for his services and as a commission for effecting the sale, and the other notes were retained by A., some of which became due before and some of them at the same time as the notes delivered to T.; and afterward T. sold his notes to W., and transferred the same merely by delivery; and no assignment, written or otherwise, was ever made, either of the notes or the mortgage or any interest in the mortgage, except by a mere delivery of the said two notes: *Held,* That the notes delivered to T. and then sold and delivered to W., and falling due at the same time or subsequently to those retained by A., are not entitled to priority of payment out of the mortgage fund over those retained by A.

*Error from Cloud District Court.*

ACTION by *The Aultman-Taylor Company* against *McGeorge* and three others, to recover on four promissory notes, and to have the priority of liens on certain mortgaged property determined. Trial by the court at the October Term, 1882, when the court made certain special findings of fact and conclusions of law, and thereon rendered a judgment for the

plaintiff and against defendant *Wyer* for $3.52, but also gave judgment for said defendant and against the plaintiff company for costs. It brings the case to this court. The opinion states the facts.

*F. W. Sturges*, and *Thomas Kennett*, for plaintiff in error.
*Laing & Wrong*, for defendant in error Wyer.

The opinion of the court was delivered by

VALENTINE, J.: August 2, 1879, Julian McGeorge and William C. Marshall executed eight promissory notes to the Aultman-Taylor Company, or order, for the amounts hereafter stated, to become due on or before the dates hereafter stated, and each drawing interest at the rate of ten per cent. per annum. The amounts of the notes and the dates when they respectively became due are as follows: (1) $50, due Dec. 1, 1879; (2) $100, due Nov. 1, 1880; (3) $83, due Dec. 1, 1880; (4) $34.50, due Dec. 1, 1880; (5) $100, due Jan. 1, 1881; (6) $143.50, due Dec. 1, 1881; (7) $34, due Dec. 1, 1881; (8) $140, due Jan. 1, 1882. These notes were given by McGeorge and Marshall for agricultural implements sold to them by the Aultman-Taylor Company through the agency of Thomas & Co. At the same time that these notes were given, McGeorge and Marshall executed a chattel mortgage to the Aultman-Taylor Company on said agricultural implements, to secure the payment of the notes. The sale, as before stated, was effected through the agency of Thomas & Co., who acted as the agents of the Aultman-Taylor Company; and as compensation for their services, and as a commission for effecting the sale, Thomas & Co. received the fourth and the seventh of said promissory notes. This was in substantial conformity with a previous contract entered into between the Aultman-Taylor Company and Thomas & Co., under which contract Thomas & Co. were to receive a commission generally of about ten per cent. on all the sales of agricultural implements made through their agency.

The first two notes were paid when they became due, and

the other six notes have not yet been paid. The said two notes received by Thomas & Co. were transferred to them by the Aultman-Taylor Company merely by delivery. Afterward, and after the said two notes had become due, Thomas & Co. sold the same to James I. Wyer, and transferred the same to him merely by delivery. No written assignment was ever made of either the notes or the mortgage, and no assignment of the mortgage or of any interest therein was ever made except merely by the delivery of the notes. Afterward Wyer, without the knowledge or consent of the Aultman-Taylor Company, took possession of a portion of the mortgaged property, and sold the same to Moses Marshall, receiving therefor $89, which paid the said two notes held by him and left a surplus in his hands of $3.52.

Afterward the Aultman-Taylor Company commenced this action against McGeorge, William C. Marshall, Wyer, and Moses Marshall, for the purpose of recovering a judgment for the amount of the four notes still held by it, and for the purpose of having determined the priority of liens upon the mortgaged property, and of obtaining such other and further relief as would be right and proper in the case. The plaintiff, the Aultman-Taylor Company, obtained a judgment against McGeorge and William C. Marshall for $606, the amount of the four notes, with interest, still held by the plaintiff, and also obtained an order that the remainder of the mortgaged property be sold to satisfy such judgment; and such property was afterward sold for $68.90. Afterward a trial was had between the Aultman-Taylor Company and Wyer before the court without a jury, and the court, after making certain special findings of fact and of law, rendered a judgment in favor of the Aultman-Taylor Company and against Wyer for the said $3.52, but also rendered a judgment in favor of Wyer and against the Aultman-Taylor Company for costs. The Aultman-Taylor Company now brings the case to this court and seeks a reversal of this judgment.

We think the judgment of the court below should be reversed.

It is a general rule that where two or more notes secured by a single mortgage fall due at different times, they should be paid out of the mortgage fund in the order of their maturity, unless some agreement or some paramount equity would require a different order of payment. (*Richardson v. McKim*, 20 Kas. 350, and cases there cited; 2 Jones on Mortgages, ¶ 1699, and cases there cited.) Where two or more notes secured by a single mortgage fall due on the same day, and the mortgage fund is not sufficient to pay the entire amount of the notes, the notes should be paid *pro rata* out of the mortgage fund, unless some agreement or paramount equity would require a different mode of payment. And these rules apply, whether the notes are still held by the original mortgagee, or are held by him and others, or entirely by others.

In the present case, there is nothing to take the case out of the general rules for the order of payment or the mode of payment. No contract was made or understanding had between the parties authorizing the two notes delivered to Thomas & Co. to be paid prior to those retained by the Aultman-Taylor Company; and there is nothing in the case of an equitable nature, or otherwise, requiring that they should be paid prior to the other notes falling due prior to their maturity. There is nothing in the entire case that gave to Thomas & Co. any equitable rights paramount to those of the Aultman-Taylor Company, and Wyer has simply succeeded to the rights of Thomas & Co. Thomas & Co. themselves transacted all the business at the time these notes were given, and they, as well as the payees and the Aultman-Taylor Company, determined the priorities of their payment. They determined which of the notes should be paid first and which last; and the transaction was supposed to be one mutually beneficial to both the Aultman-Taylor Company and Thomas & Co., and was in accordance with their previous contract, and was satisfactory at the time; and the priorities of payment should be as they then agreed that they should be.

It is true that the notes as they were originally made

were all negotiable, for they were made payable to the Ault-man-Taylor Company, *or order;* but the two transferred first to Thomas & Co. and then to Wyer lost their negotiability, for the reason that they were transferred merely by delivery, and not *by indorsement,* and were transferred to Wyer after they became due; and, as before stated, the mortgage was never transferred by assignment at all, except constructively by the mere delivery of the said two notes. Hence, neither Thomas & Co. nor Wyer ever obtained any equity in the mortgage fund prior to that held by the Ault-man-Taylor Company for the payment of notes maturing at the same time or earlier than the two notes held by Thomas & Co. and by Wyer. Many cases might be suggested where the assignee of a note secured by a mortgage and falling due subsequently to some other note secured by the same mortgage should be first paid out of the mortgage fund; but this is not one of that class of cases. This case, as before stated, comes within the general rule of payment in such cases.

The judgment of the court below will be reversed, and the cause remanded with the order that judgment be rendered upon the special findings in accordance with this opinion.

All the Justices concurring.