## B. B. CORBIN v. ROBERT KINCAID.

1. CHATTEL MORTGAGE; *Sufficient Description of Property.* A chattel mortgage executed September 26, 1881, which substantially describes the mortgaged property as a flock of six hundred head of sheep, consisting of wethers, ewes and lambs, and their increase for the year 1882, owned by and in the possession of the mortgagor, in Linn county, Kansas, is not void because of any insufficiency in the description of the mortgaged property.

2. ———— *Greater Sum than Due.* Nor is such a mortgage void because taken for a sum greater than was due, when the excess was small and no fraudulent intention existed on the part of any of the parties.

3. ———— Nor is such a mortgage void even as to the increase of the sheep mentioned therein.

4. ———— *Filing.* Nor is such a mortgage void because it was not filed in the register's office on the day of its execution, but was filed therein four days thereafter.

5. ———— *Renewal.* Nor is such a mortgage void because of any want of a renewal affidavit under ¿ 11, article 2, of the act relating to mortgages, so as to prevent the mortgagee from recovering the mortgaged property in an action of replevin brought after his claim was due, and more than one year after the execution of the mortgage, and against a party who had taken possession of the property prior to the expiration of one year after the execution of the mortgage, and who had full knowledge at the time of all the mortgagee's rights, and took the property in violation of such rights.

6. PRIORITY *between Mortgagees; Agreement.* Where two chattel mortgages are executed on the same day, by the same person, on the same property, to two different individuals, K. and V., but with the understanding between all the parties that the mortgage executed to K. should be prior to that executed to V., and K.'s mortgage by its terms is to become due prior to V.'s, *held,* that the understanding between the parties is binding; and that K.'s mortgage is prior to V.'s, although V.'s mortgage may in fact have been first executed, and first filed in the office of the register of deeds.

*Error from Linn District Court.*

REPLEVIN by *Kincaid* against *Corbin,* to recover certain sheep. Judgment for plaintiff, December 6, 1883. Defendant brings the case here. The opinion states the material facts.

*Jas. D. Snoddy,* for plaintiff in error.
*W. R. Biddle,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin, brought by Robert Kincaid against B. B. Corbin, to recover a flock of about 600 sheep, the plaintiff claiming the same under a chattel mortgage. . A trial was had before the court and a jury, and the jury found in favor of the plaintiff and against the defendant, and found that the value of the property in controversy was $1,487, and that there was still due on the plaintiff's mortgage $861.07; and the court rendered judgment in favor of the plaintiff and against the defendant for a recovery of the possession of the property, or in case a delivery could not be had, then for $861.07, the amount still remaining due on the plaintiff's mortgage. The defendant, as plaintiff in error, now seeks a reversal of such judgment by petition in error in this court.

The facts as claimed by the plaintiff below are substantially as follows: Originally, L. F. Williams owned the sheep, and on September 26, 1881, in accordance with a previous understanding, arrangement and agreement between himself and C. M. Vertrees, his father-in-law, and Robert Kincaid and N. F. Shaw, he sold and delivered the sheep to Shaw for $2,000, on time — Shaw securing the purchase-money by executing notes and mortgages as follows: a mortgage on the sheep and their increase for the year 1882, and the wool clipped therefrom for that year, to Robert Kincaid, to secure two promissory notes for the aggregate sum of $1,018.72, due in one year; and another mortgage on the sheep and their increase for the year 1883, and the wool clipped therefrom for that year, to Vertrees, to secure a promissory note for the sum of $1,000, due in two years. It was understood by all the parties that the mortgage given to Kincaid should be the first and prior mortgage, and that the one executed to Vertrees should be the second mortgage. The mortgage to Vertrees, however, was executed first, though both were executed on the same day, and on September 26, 1881. Vertrees's mortgage was filed the same day for registration. Kincaid's mortgage was filed

on September 30, 1881.  On August 19, 1882, Kincaid filed
a renewal affidavit in the office of the register of deeds.  Some-
time in September, 1882, and prior to the 20th, Vertrees as-
signed his note to B. B. Corbin, another son-in-law of his.
This assignment was made without consideration, and for the
purpose of defeating Kincaid's mortgage.  On September 20,
1882, Corbin, with the assistance of Vertrees, took possession
of the sheep, and Vertrees thereafter herded them.  Kincaid
then sought to settle matters with Corbin, but could not do
so; and about September 25, and again on September 29,   .
1882, demanded the sheep from Corbin, but Corbin refused
to surrender them, or any part thereof.  On September 30,
1882, Kincaid brought this action of replevin against Corbin
for the recovery of the sheep.

The defendant disputes many of the foregoing facts.  He
claims that it was not the understanding or agreement between
Williams, Shaw, Vertrees and Kincaid that Kincaid's mort-
gage should be prior to that of Vertrees; and he also claims
that he was an innocent and *bona fide* purchaser of the note
and mortgage before the same became due, the note being a
negotiable instrument.  The jury, however, found in favor of
the plaintiff and against the defendant upon all the issues; and
from the evidence brought to this court we think they found
correctly.  Hence the decision of this case must be upon the
facts as claimed by the plaintiff.  Before passing, however, to
the special points made by counsel, we might further say that
the evidence showed that Kincaid had received on his notes
from the wool clipped for the year 1882 the sum of $374.44;
that the expenses for sacks, etc., amounted to $70; and that
the actual credit on the notes was $304.44.  It would seem,
however, that the jury credited the note the full amount of
$374.44, and then found that there was still due to Kincaid
on his notes the sum of $861.07.

We shall now proceed to consider the principal points made
by counsel.

I. We do not think that the mortgage is void because of

any insufficiency in the description of the mortgaged property. Taking the whole of the mortgage together, and it substantially describes the property as a flock of 600 head of sheep, consisting of wethers, ewes, and lambs, and their increase for the year 1882, owed by and in the possession of Nathaniel F. Shaw, in Linn county, Kansas. This is a sufficient description of the property. (*Brown v. Holmes,* 13 Kas. 482; *Shaffer v. Pickrell,* 22 id. 619; *Muse v. Lehman,* 30 id. 514; same case, 1 Pac. Rep. 804.)

II. Nor do we think that the mortgage is void because taken for a sum greater than was due. If it was taken for any sum greater than was due — and this is certainly questionable — it was taken for only a small amount more than was due, and was taken inadvertently and by mere mistake, and was not taken or given with any fraudulent intention on the part of any of the parties to either mortgage. This does not render the mortgage void. (*Bush v. T. G. Bush & Co.,* ante, p. 556; *Kalk v. Fielding,* 50 Wis. 340.)

III. Nor do we think that the mortgage is void, even as to the increase mentioned therein. (Jones on Chattel Mortgages, §§ 140, 149, and cases there cited.)

IV. Neither do we think that the mortgage was void because it was not filed in the register's office on the day of its execution, but was filed therein four days thereafter. (*McVay v. English,* 30 Kas. 368; same case, 1 Pac. Rep. 795; *Wilson v. Leslie,* 20 Ohio, 161, 166.)

V. Neither do we think that the mortgage was void when this action was brought because of any want of a renewal affidavit under § 11, article 2, of the act relating to mortgages. (Comp. Laws of 1879, ch. 68, § 11.) The defendant below had actual knowledge of the plaintiff's mortgage and of his rights, and took possession of the property with such knowledge, claiming to have the prior right thereto, in violation of the plaintiff's rights; and all this transpired within less than one year after the execution of the plaintiff's mortgage, and at a time when no one would claim or even pretend that any re-

newal affidavit was necessary. A cause of action in replevin or for conversion then arose in favor of the plaintiff and against the defendant, and that cause of action was not satisfied, annulled or barred by any failure on the part of the plaintiff to afterward file a renewal affidavit. In support of these propositions, see the following authorities: *Frank v. Playter*, 73 Mo. 672; *Newman v. Tymeson*, 12 Wis. 448; *Case v. Jewett*, 13 id. 498; *Lowe v. Wing*, 56 id. 31; *Meech v. Patchin*, 14 N. Y. 71; *Edson v. Newell*, 14 Minn. 228.

VI. We think that under the agreement, understanding and arrangement between the parties, and in accordance therewith, Kincaid's mortgage was prior to that of Vertrees's, notwithstanding the fact that Vertrees's mortgage was executed and filed in the register's office prior to Kincaid's. The arrangement between the parties was binding. (*Chadbourn v. Rahilly*, 28 Minn. 394; *Freeman v. Schroeder*, 43 Barb. 618; *Wray v. Fedderke*, 43 N. Y. Super. Ct. 335; *Matthews v. Everitt*, 23 N. J. Eq. 473; *Wheeler v. McFarland*, 10 Wend. 318; *Noyes v. White*, 9 Kas. 640.)

And as the two mortgages were given on the same day, by the same person, on the same property, and to carry out one principal intention and transaction, they should be treated very much as one mortgage given to or owned by different individuals, securing notes belonging separately to such individuals, and then, in the absence of any agreement or paramount equity giving priority in the payment of the notes, the note first falling due should be first paid, and should in this respect have priority. (*Isett v. Lucas*, 17 Iowa, 503; *Richardson v. McKim*, 20 Kas. 436; *Aultman-Taylor Co. v. McGeorge*, 31 Kas. 329; same case, 2 Pac. Rep. 778; 4 Wait's Actions and Defenses, 591.)

We perceive no error in the instructions of the court below to the jury, nor any error in the court's refusal to give the instruction asked by the defendant; indeed, we do not think that any material error was committed in the case, and therefore the judgment of the court below will be affirmed.

All the Justices concurring.