## J. H. SMELSER v. GEORGE C. BAKER.

### No. 259.

1. **Chattel Mortgage — Statute Construed.** — Construing section 1 of article 3190b, Sayles' Statutes, it is held, that it was the intention of the Legislature that when the property is not delivered contemporaneously with the execution of the mortgage thereon, the mortgage should be without effect as to creditors until it is deposited with the proper officer for filing, etc.

2. **Same — Attachment — Priority of Liens.** — The lien of a creditor fixed by the levy of a writ of attachment upon personal property after the execution and delivery of a mortgage thereon, but before the mortgagee got actual possession of the property, and before the deposit of the mortgage in the county clerk's office, is superior to the mortgage lien.

APPEAL from Bowie. Tried below before Hon. JOHN L. SHEPPARD.

*McLean & Hynson*, for appellant.—An unrecorded chattel mortgage is of no avail against a creditor, with or without notice, who has obtained a lien by judicial process. Sayles' Civ. Stats., arts. 3190a, 3190b; Furniture Co. v. Hotel Co., 81 Texas, 135; Lazarus v. Bank, 72 Texas, 354; Freiberg v. Magale, 70 Texas, 116; Key v. Brown, 67 Texas, 300; Overstreet v. Manning, 67 Texas, 663; Garland v. Plummer, 72 Me., 397; Brothers v. Mundell, 60 Texas, 246; Cass v. Rothman, 42 Ohio St., 380; Willis v. Satterfield, 20 S. W. Rep., 153.

*P. A. Turner* and *J. M. Talbot*, for appellee, cited: Goodsell v. Sullivan, 40 Conn., 83; Wade on Notice, secs. 101, 102, 202; Jones on Chat. Mort., sec. 200; Nichols v. Hampton, 46 Ga., 253; Freiberg v. Brunswick-Balke-Collender Co., 16 S. W. Rep., 785.

FINLEY, ASSOCIATE JUSTICE.—This is an agreed case under the statute, and the only question to be decided by this court is one of superiority of liens of the parties to the suit. Baker's lien is claimed through a chattel mortgage; Smelser's lien is based on the levy of a writ of attachment on the same stock of goods one hour and fifteen minutes before the mortgage was deposited in the clerk's office. Smelser held the stock of goods, and Baker sued him for the value of same. The case was tried before the judge without a jury, who gave judgment for plaintiff, Baker, for the value of the goods.

The undisputed facts are as follows: T. J. Watlington executed and delivered to plaintiff, Baker, at 11 o'clock on the night of June 3, 1889, a mortgage, providing for immediate possession by the mortgagee, on a stock of goods twenty miles away, and that plaintiff deposited the same in the county clerk's office at 7:15 o'clock on the morning of the 4th of June, 1889; that the defendant, Smelser, brought suit and caused a writ

of attachment to issue against Watlington on the night of June 3, 1889, and that the sheriff levied the writ of attachment on the same stock of goods at 6 o'clock on the morning of June 4, 1889, before appellee got actual possession of the same, and the levy thus made on the stock of goods being one hour and fifteen minutes prior in time to the deposit by Baker (plaintiff) of his mortgage in the county clerk's office. Baker tried to get his mortgage filed with the clerk on the night of its execution, but could not find the clerk.

Appellant contends, that the mortgage was not effective against him, a creditor, until it was deposited with the clerk for record, and that his attachment lien, secured by a levy made prior to such deposit of the mortgage, was superior to the lien created by the mortgage. Our statute governing the matter is as follows:

"Article 3190b. Every chattel mortgage, deed of trust, or other instrument of writing intended to operate as a mortgage of or lien upon personal property, which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the property mortgaged or pledged by such instrument, shall be absolutely void as against the creditors of the mortgagor or person making same, and as against subsequent purchasers and mortgagees or lien holders in good faith, unless such instrument or a true copy thereof shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated, or if the mortgagor or person making the same be a resident of this State, then of the county of which he shall at the time be a resident."

We do not find that the exact question here presented to us has been adjudicated by our Supreme Court. The general proposition, that an unrecorded mortgage is void as to creditors, has frequently been announced. Brothers v. Mundell, 60 Texas, 246; Overstreet v. Manning, 67 Texas, 663; Key v. Brown, 67 Texas, 300; Freiberg v. Magale, 70 Texas, 116; Lazarus v. Bank, 72 Texas, 354; Furniture Co. v. Hotel Co. 81 Texas, 135.

In the Freiberg case, supra, Mr. Willie, Chief Justice, uses this language: "As to the former [meaning creditors] the deposit of the mortgage is absolutely necessary to give it validity." In Willis v. Satterfield, 20 Southwestern Reporter, 155, in discussing the effect of the registration of a mortgage as to creditors, Judge Marr says, "the copy of the instrument had been duly filed for registration as contemplated by the statute, and it took effect from that time."

Ohio has a statute identical with ours, and the Supreme Court of that State hold, "that actual delivery of the mortgaged goods is essential to the preservation of the mortgagee's lien as against creditors who assert their right after the execution and before the deposit of the mortgage with the proper officer." Cass v. Rothman, 42 Ohio St., 380.

Kansas also has a similar statute, and its Supreme Court has given to it the same construction. McVey v. English, 30 Kans., 368. McCarthy v. Grace, 23 Minnesota, 182, is upon the same line. 2 Cobby on Chattel Mortgages, section 616, gives this construction as the generally approved and better doctrine.

This view of the question, and the reasoning upon which it is based, commends itself to us. We think the framers of the statute intended, when the property is not delivered contemporaneously with the execution of the mortgage, that the mortgage should be without effect as to creditors until it is deposited with the proper officer for filing, etc.

Holding this view of the question, the judgment must be reversed and here rendered for appellant. It is accordingly so ordered.

The agreed statement of the case is adopted as our conclusions of fact.

*Reversed and rendered.*

Delivered March 21, 1894.

Motion for rehearing overruled April 18, 1894.