CHARLES F. NEERMAN v. W. W. CALDWELL *et al.*

CHATTEL MORTGAGE — *Priority* — *Notice.* An unrecorded chattel mortgage is valid against a subsequent mortgagee having his mortgage forthwith filed for record, if such subsequent mortgagee receives notice of the prior mortgage at any time before obtaining or accepting his lien on the personal property.

*Error from Republic District Court.*

ACTION by *Caldwell & Peterson,* to declare their lien on certain personal property of defendant Miller prior to that of defendant *Neerman.* Judgment for plaintiffs, at the January term, 1889. The defendant *Neerman* comes to this court.

*Jay F. Close,* for plaintiff in error:

The contention of the plaintiff in error is, that there is not one word of evidence to sustain the finding of the court that

Neerman had any notice of the Caldwell & Peterson mortgage, or to justify the other findings of the court. That being true, then the court erred in overruling Neerman's motion for a new trial, and the judgment should be reversed.

*Caldwell & Ellis,* for defendants in error:

There was ample evidence on which the trial court based its findings that Neerman had notice of Caldwell & Peterson's mortgage, and there is no controversy over the fact that his mortgage was given to secure an antecedent debt. Jones, Ch. Mortg., §§ 310, 313, 317; *Van Heusen v. Radcliff,* 17 N. Y. 580; *Stewart v. Smith,* 60 Iowa, 275; *Moline Plow Co. v. Braden,* 71 id. 143; *Schilien v. Haines,* 29 Pac. Rep. 171.

The want of notice to Neerman of the existence of the prior mortgage is a fact to be proven, and the burden is on him. *Gregory v. Thomas,* 20 Wend. 17; *McNeil v. Finnegan,* 33 Minn. 375; *Farmington v. Ellis,* 30 id. 270; *Tolbert v. Horton,* 31 id. 518.

The opinion of the court was delivered by

HORTON, C. J. : On the 9th day of February, 1888, Caldwell & Peterson filed a petition for the purpose of settling the priorites of two chattel mortgages upon certain calves, one executed by W. K. Miller to Caldwell & Peterson, to secure the payment of $1,650, dated November 16, 1887, but not filed for record until after the execution of another mortgage by Miller to Neerman, dated December 6, 1887, to secure the payment of an old debt, amounting to $337.50, but filed for record on the day of its execution. The trial court held the Caldwell & Peterson mortgage a first lien on the calves, because Neerman had notice thereof prior to obtaining or accepting the chattel mortgage of December 6, 1887. Neerman's contention is that there was no evidence to sustain the findings of the trial court.

We have carefully examined all the testimony preserved in the record, in connection with the comments of counsel thereon. In our opinion, we cannot reverse the judgment

upon the ground that the findings and judgment were without any support. All the equities of the case favor Caldwell & Peterson. Miller agreed, when he borrowed the money from Caldwell & Peterson, to invest it in the purchase of the calves mortgaged to them. Neerman's subsequent mortgage was taken to secure $337.50 on account of an old note that Miller had traded for with one Bean. The mortgage of Caldwell & Peterson, of the 16th of November, 1887, was valid against Neerman, who held the subsequent mortgage which was recorded first, if he had notice of the prior unrecorded mortgage at any time before obtaining or accepting a lien on the mortgaged property. Actual notice is as effectual as constructive notice by record as against a subsequent mortgagee. (Gen. Stat. of 1889, ¶ 3903; *Corbin v. Kincaid,* 33 Kas. 649; Jones, Ch. Mortg., § 317.)

A new trial will not be granted by this court where the evidence is conflicting, if there is enough in the record, taken by itself, to sustain the findings and judgment. It is also the well-settled rule of practice in this court, that in civil cases the findings of a trial court will not be disturbed if there is sufficient evidence to support them. (*Railroad Co. v. Kunkel,* 17 Kas. 145.)

The judgment of the district court will be affirmed.

All the Justices concurring.