THE FIRST NATIONAL BANK OF LARNED v. JAMES W. TUFTS.

CONDITIONAL SALES — *Failure to Record — Actual Notice.* Considering the purpose of the provisions of chapter 255, Laws of 1889, relating to "the recording of title notes or evidences of conditional sales," a true interpretation thereof makes actual notice of such title notes or conditional sales to a subsequent purchaser or the creditors of the vendee before the purchase or obtaining a lien on such property as effectual as constructive notice by deposit or record in the office of the register of deeds in the county where the property is kept.

*Error from Pawnee District Court.*

THIS action was instituted by *James W. Tufts,* who claimed to be the owner of a soda-water fountain and apparatus, against *The First National Bank of Larned,* to recover damages for an alleged conversion of the property. The answer of the bank was a general denial. At the trial, the testimony showed that on December 30, 1887, Tufts made a conditional sale of the fountain to H. C. Lichtenthaler, for about $1,375, payments to be made in accordance with a number of notes executed by Lichtenthaler in Tufts's favor, and the notes and the agreement specified that the fountain or apparatus was to remain the property of Tufts until fully paid for. Some time in August, 1888, Lichtenthaler failed in the drug business. He had executed a chattel mortgage in favor of the bank, but this mortgage did not include the fountain or apparatus. Upon his failure, he turned over his store and the property therein to the bank, and the store was afterward rented to the bank by Mr. Vernon, who was also the attorney for Tufts. The officers of the bank knew at the time that the fountain was not included in their chattel mortgage, and they were also aware that it was the property of Tufts, and that there remained all the outstanding unpaid notes — something like $800 or $900 — due to Tufts. Some time in September, or prior to November, 1888, Mr. Vernon, the attorney for Tufts, had an understanding with the officers

of the bank, whereby, at their request, they were to retain possession or custody of the soda fountain, with permission to sell the same if they could realize a sum sufficient to pay off the indebtedness due to Tufts. The bank had possession under this arrangement at the time of the passage of the act to regulate the recording of title notes or evidence of conditional sales, approved March 1, 1889, being chapter 255 of the Laws of 1889, which went into effect May 25, 1889. After the taking effect of chapter 255, it is claimed by the bank that the situation of the parties changed. In a conversation had some time in January, 1890, between Mr. Vernon, the attorney of Tufts, and Mr. Rush, the president of the bank, Rush informed Vernon that the bank had concluded to hold the fountain and not give it up, and thereupon a formal demand was made by Vernon for the property, which was refused. Trial was had on the 9th of April, 1890, before the court, with a jury. The jury returned a verdict for Tufts for $990. Subsequently, judgment was entered thereon against the bank, with interest and costs. The bank excepted, and brings the case here.

*C. N. Sterry*, for plaintiff in error.

*W. H. Vernon*, and *Hurd & Dunlap*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is insisted that the verdict and the judgment were contrary to the evidence and the law. The contention is, that there having been no conversion or interference with the rights of Tufts by the bank prior to the taking effect of chapter 255, Laws of 1889, and the bank being then in possession of the property for the purpose of securing the indebtedness to it, it was and became a creditor, with a lien thereon against which Tufts could have no right, under the provisions of the act, until he had complied with its requirements. It is admitted that neither the original agreement nor the notes given by Lichtenthaler to Tufts for the soda-water fountain or apparatus, nor any copy thereof,

were deposited in the office of the register of deeds of Pawnee county, where the property was kept.

The question involved in this case is whether chapter 255 applies. That chapter provides, among other things, that the title notes or evidence of conditional sales "shall be void, as against innocent purchasers or the creditors of the vendee, unless the original instrument, or a true copy thereof, shall be deposited in the office of the register of deeds," etc. The purpose of the statute is to prevent the possession of property from being used in fraud by persons relying on facts showing such possession as sufficient *indicia* of ownership. (20 Am. & Eng. Encyc. of Law, 537.) In interpreting the statute, the purpose of the legislature in passing the same must be considered. We have a similar statute concerning chattel mortgages. (Gen. Stat. of 1889, ¶ 3903.) This court has held in several cases that actual notice is as effectual as constructive notice by record against subsequent purchasers, and that a creditor stands in no better position. (*Cameron v. Marvin*, 26 Kas. 612; *Corbin v. Kincaid*, 33 id. 649; *Neerman v. Caldwell*, 50 id. 61.) If a purchaser or a creditor has actual notice of the existence of the title notes or evidence of conditional sales before his purchase or obtaining a lien on such property, he cannot be misled or imposed upon if the original instrument, or a true copy thereof, is not deposited for record. The filing of a contract of a conditional sale with a register of deeds is constructive notice only of its existence, and if a party has actual notice of such existence otherwise than by the record, the full purpose of the statute is attained. Actual notice given in time is a substitute for recordation. It is impossible to make any good distinction between actual and constructive notice, though it may be very well said that actual notice is even better than constructive. Actual notice gives personally to a party full and ample information. (*Allen v. McCalla*, 25 Iowa, 464; 96 Am. Dec. 56.)

We think there was sufficient evidence to sustain the verdict and judgment rendered. Before the bank obtained possession of the soda fountain or apparatus, it had full

knowledge of the title notes from Lichtenthaler to Tufts, and of the amount due thereon. The bank, through its officers, requested permission from Mr. Vernon, the agent of Tufts, to sell the fountain and pay Tufts the amount due on his notes. At that time, they were of the opinion that they could realize something for the bank over and above the notes. Under the facts disclosed in the record, the provisions of said chapter 255 have no application in this case to protect the bank against the rights of Tufts to the property. The judgment will be affirmed.

All the Justices concurring.