THE GEISER MANUFACTURING COMPANY, *Appellant*, v. JAMES F. MURRAY, *Appellee*.

No. 16,749.

SYLLABUS BY THE COURT.

CHATTEL MORTGAGES—*Record—Possession—Attaching Creditor —Notice.* If a chattel mortgage or a copy thereof be not deposited in the office of the register of deeds of the proper county, and the mortgagor continue in unchanged possession of the things mortgaged, the mortgage is absolutely void as against an attaching creditor of the mortgagor, notwithstanding the fact that such creditor has actual notice of the mortgage.

Appeal from Reno district court. Opinion filed April 8, 1911. Affirmed.

*Edwin D. McKeever,* and *J. B. Van Deren,* for the appellant.

*W. G. Fairchild,* and *H. S. Lewis,* for the appellee.

The opinion of the court was delivered by

Burch, J.: On August 12, 1903, O. L. Jones executed a chattel mortgage to the appellant covering certain thrashing machinery. The mortgage was given to secure the purchase price of the machinery and was recorded in Kingman county on December 5, 1903. On August 18, 1903, Jones executed and delivered to the appellee two promissory notes, for $300 each, due respectively October. 1, 1903, and October 1, 1904. In January, 1905, the appellee brought suit upon these notes and attached some of the machinery referred to. Judgment was rendered in his favor, and the attached property was sold to him under regular proceedings for the enforcement of the attachment lien. Afterward the appellant, claiming under its chattel mortgage, brought an action of replevin for the property so sold, and, having been defeated, appeals.

Two principal questions of fact were involved: Was Jones a resident of Kansas, and was the situs of the property, for the purpose of fixing the place where the chattel mortgage should have been recorded, in Kingman county or in Reno county? Both questions were determined adversely to the appellant. The evidence bearing upon them has been examined here far enough to make it certain that the conclusions reached can not be disturbed without violating well-settled and well-known rules.

One principal question of law is presented. At the time the attachment suit was commenced the appellee knew of the existence of the chattel mortgage, and it is claimed that this knowledge validated the unrecorded mortgage as to him. The statute does not so read. It provides as follows:

"Every mortgage or conveyance intended to operate

.as a mortgage of personal property, which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage or a true copy thereof shall be forthwith deposited in the office of the register of deeds in the county where the property shall then be situated, or, if the mortgagor be a resident of this state, then of the county of which he shall at the time be a resident." (Gen. Stat. 1868, ch. 68, § 9, Gen. Stat. 1909, § 5224.)

The language of this statute is·wholly free from ambiguity. As against a creditor who acquires a specific lien by the levy of an attachment or execution the chattel mortgagee must either take possession of the property or record his mortgage. Otherwise the mortgage is "absolutely void" as to such creditor.

It is argued that the purpose of requiring a chattel mortgage to be filed for record is to give notice of its existence and terms, and that actual knowledge is better than the constructive notice furnished by the record. The legislature appears to have considered this matter and to have made a discrimination in favor of creditors. A subsequent purchaser or mortgagee must acquire the property or lien "in good faith," which includes want of notice. But no condition of that kind is attached to the right of creditors. Had any such limitation been intended the statute would have been framed accordingly.

In the case of *National Bank v. Tufts,* 53 Kan. 710, the court interpreted the language of the act relating to the recording of title notes, which differs materially from the language of the chattel-mortgage statute, and held that actual notice is as effectual as filing for record. In the opinion it was said:

"We have a similar statute concerning chattel mortgages. (Gen. Stat. 1889, § 3903.) This court has held in several cases that actual notice is as effectual as constructive notice by record against subsequent pur-

chasers, and that a creditor stands in no better position. (*Cameron, Hull & Co. v. Marvin,* 26 Kan. 612; *Corbin v. Kincaid,* 33 Kan. 649; *Neerman v. Caldwell,* 50 Kan. 61.)" (p. 712.)

In none of the cases cited was it decided that creditors stand in no better position under the chattel-mortgage statute than subsequent purchasers, or than subsequent mortgagees.

In *Cameron, Hull & Co. v. Marvin,* 26 Kan. 612, chattel mortgages were not recorded at all, and possession was not immediately taken under them. The question was whether they were void as to creditors attaching after possession had been taken by the mortgagee. In *Corbin v. Kincaid,* 33 Kan. 649, property covered by a chattel mortgage was converted while the mortgage was on record and in full force. The question was whether the mortgagee could replevin the property, after a year from the filing of the mortgage, without filing a renewal affidavit. In *Neerman v. Caldwell,* 50 Kan. 61, the contest was between two chattel mortgagees. In no other case decided by this court has it been authoritatively held that, under the chattel-mortgage statute, a creditor with notice stands upon the same footing as a subsequent purchaser or mortgagee with notice, and the concluding portion of the statement quoted from *National Bank v. Tufts,* 53 Kan. 710, 712, is erroneous.

It seems that the precise matter in controversy has not been determined in an action between an attaching or execution creditor with notice of an unrecorded mortgage and the mortgagee not in possession. The decisions generally, however, recognize no qualification of the right of a creditor to priority when the mortgage has not been filed or possession taken under it.

"If a creditor of the mortgagor of a chattel levies upon the property embraced in the mortgage, not accompanied by delivery and possession, before the mortgage is deposited in the office of the register of deeds in the manner prescribed by the statute, the attachment

is a prior lien to the chattel mortgage." (*Ramsey v. Glenn,* 33 Kan. 271, syl. ¶ 3.)

"Where a chattel mortgage is not deposited in the office of the register of deeds as prescribed by the statute until after a judgment creditor of the mortgagor levies upon the property described therein, and the mortgagee has no possession of the property mortgaged, the chattel mortgage is void as against the creditor obtaining a lien by his execution and levy." (*Jewell v. Simpson,* 38 Kan. 362, syl. ¶ 1.)

"A chattel mortgage not deposited in the office of the register of deeds is absolutely void as against an attaching creditor of the mortgagor, where the mortgagee is not in actual possession of the property mortgaged at the time of the levy of the attaching creditor." (*Implement Co. v. Parlin & Orendorff Co.,* 51 Kan. 566, syl. ¶ 3.)

"A chattel mortgage becomes valid as against the creditors of the mortgagor only when the mortgagee takes the actual possession of the mortgaged property, or when the mortgage or a copy thereof is deposited with the register of deeds.

"A chattel mortgage deposited with the register of deeds remains valid as against creditors of the mortgagor for only one year, unless within thirty days prior to the termination of the year a renewal affidavit is filed with the register of deeds, or unless the mortgagee has taken the actual possession of the mortgaged property." (*Swiggett v. Dodson,* 38 Kan. 702, syl. ¶¶ 2, 3.)

The case last cited is instructive. One of the questions was whether actual notice to a creditor would take the place of the renewal affidavit required by the statute then in force providing that a chattel mortgage duly filed was "void as against the creditors of the person making the same, or against subsequent purchasers or mortgagees in good faith, after the expiration of one year after the filing thereof" (Gen. Stat. 1868, ch. 68, § 11; see Gen. Stat. 1909, § 5226), unless a renewal affidavit was filed. The opinion reads:

"But is not the mortgage void, even if all the parties, including the defendants and the Barbee Brothers, and

all their representatives, agents and attorneys, had notice of the existence of the mortgage, and of all the rights which the plaintiff claims to have had under it? Sections 9 and 11 of the act relating to mortgages provide among other things as follows: (Quoting them.) . . . Of course a subsequent purchaser or mortgagee can not, 'in good faith,' be such so as to defeat or avoid a prior chattel mortgage, unless he becomes such without notice of the existence of such mortgage, and hence a subsequent purchaser or mortgagee is bound by any knowledge which he may have concerning a prior chattel mortgage. (*Ament v. Greer*, 37 Kan. 648.) Whether this would also be true with respect to creditors who might become such with knowledge of the existence of a prior chattel mortgage it is unnecessary now to decide, yet the great weight of authority under statutes similar to ours would seem to be the other way. And certainly in all cases where the mortgagor is in the possession of the mortgaged property, and where the mortgagee has failed to file his mortgage or a renewal affidavit with the register of deeds, and where creditors have become such without any knowledge of the existence of a prior valid chattel mortgage, the authorities are almost, if not entirely, unanimous in declaring, under statutes similar to ours, that the mortgage is wholly and entirely void; and this although before such creditors have attempted to enforce their claims, or before they have attempted by execution or attachment levy to obtain any specific lien upon the mortgaged property, such creditors have received full and complete knowledge of the mortgage and of the mortgagor's claims, and that the mortgage has not yet been satisfied or discharged. (Citing many authorities.) The foregoing authorities merely proclaim the doctrine that the statutes with reference to the subject now under consideration mean what they say. Our statute says that the mortgage 'shall be absolutely void as against the creditors of the mortgagor,' or 'shall be void as against the creditors of the person making the same,' unless the statute is complied with, and we think this statute means what it says." (38 Kan. 711-713.)

This reasoning is sound, and has been accepted by the bench and bar of the state as conclusive to the extent to which it purports to go. The right of a creditor is

not recognized until he acquires some specific claim upon the property. (*Youngberg v. Walsh,* 72 Kan. 220, and cases cited at page 227.) Since it is then immaterial that he may have notice it is clearly immaterial that he had such notice when his debt was created.

An offer was made to show that after the attachment proceedings were instituted an attorney for the appellee wrote to the appellant that the attachment was subject to the mortgage and that the appellee himself subsequently agreed to release and return the attached property. There is not even a suggestion in the abstract that there was any kind of consideration for the so-called agreement, or that the appellee either did or omitted to do anything to his prejudice because of the matters referred to in the offer. Consequently prejudicial error in rejecting the offer is not made to appear.

Nothing else discussed in the briefs requires comment, and the judgment of the district court is affirmed.