C. O. PAUL et al., Partners; etc., *Appellees,* v. J. M. LINGENFELTER, *Appellant.*

### No. 18,244.

#### SYLLABUS BY THE COURT.

1. UNRECORDED TITLE NOTES—*Absolutely Void as to Attaching Creditors.* Unrecorded title notes, where the property remains in the possession of the purchaser, are absolutely void as against an attaching creditor of the purchaser, notwithstanding the fact that such creditor has actual notice of the title notes.

2. —— *Same.* The case of *National Bank v. Tufts,* 53 Kan. 710, 37 Pac. 127, is overruled.

Appeal from Sumner district court. Opinion filed June 7, 1913. Reversed.

*W. W. Schwinn,* of Wellington, for the appellant.

*W. T. McBride,* and *Harold W. Herrick,* both of Wellington, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The sole question in this case is whether an attaching creditor may acquire a lien as against title notes covering the property which are unrecorded but of which he has notice.

The trial court instructed the jury that if before he procured the attachment upon the corn binder in question, Bell, the creditor, knew that plaintiffs held title notes against the machine or had notice of such facts as would put a prudent man upon inquiry, then plaintiffs would be entitled to recover in this action against the officer holding the property under the lien of the attachment. The court refused an instruction, requested by the defendant, to the effect that notice to the creditor that there were outstanding title notes would not preclude such creditor from acquiring a lien by virtue of his attachment, provided such title notes had not been filed for record.

The plaintiffs, who are the appellees, rely upon the decision in a similar case. (*National Bank v. Tufts,* 53 Kan. 710, 37 Pac. 127.) In that case the court held that actual notice of title notes is as effectual as filing for record. In the opinion Chief Justice Horton used this language:

"We have a similar statute concerning chattel mortgages. (Gen. Stat. of 1889, § 3903.) This court has held in several cases that actual notice is as effectual as constructive notice by record against subsequent purchasers and that a creditor stands in no better position. (*Cameron v. Marvin,* 26 Kan. 612; *Corbin v. Kincaid,* 33 Kan. 649; *Neerman v. Caldwell,* 50 Kan. 61.)" (p. 712.)

As pointed out in the recent case of *Geiser v. Murray,* 84 Kan. 450, 114 Pac. 1046, that portion of the foregoing statement to the effect that a creditor stands in no better position than a subsequent purchaser was erroneous. In the opinion in the Geiser case it was said:

"In none of the cases cited (in the Tufts case) was it decided that creditors stand in no better position under the chattel-mortgage statute than subsequent purchasers or than subsequent mortgagees." (p. 453.)

The controversy in the Geiser case was between an attaching creditor, with actual notice of an unrecorded chattel mortgage, and the mortgagee, the property remaining in the possession of the mortgagor. The chattel mortgage was held absolutely void, notwithstanding actual notice thereof to the creditor. While the reasoning of the Tufts case was criticised, the effect of the decision as authority in a case arising over unrecorded title notes was not considered. That question is now squarely presented by the appellant, and it is insisted that the case should be overruled.

We are impressed with the force of the contention. The Tufts case was rightly decided upon the facts there presented, but the opinion was predicated upon a misconception of what had been previously decided

respecting the effect of actual notice to creditors of an unrecorded chattel mortgage.   The bank was spoken of as a "creditor," when the facts disclosed that it was a subsequent purchaser.   It had possession of the property by virtue of an agreement which amounted to an oral chattel mortgage, and, moreover, the rights of the parties had become fixed when the law requiring title notes to be recorded was passed.   All that was said in the opinion and in the syllabus in regard to "creditors" as distinguished from "purchasers" was mere dicta and erroneous.   The opinion very properly attempted to place the statute providing for the recording of title notes upon the same basis as that providing for recording chattel mortgages.   While the language of the two statutes is not identical, there is no reasonable ground for construing them differently, or for holding that actual notice of an unrecorded title or sale note should affect a creditor any more than actual notice of an unrecorded chattel mortgage.

The statute providing for recording chattel mortgages declares that such instruments "shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith," unless recorded.  (Gen. Stat. 1909, § 5224.)

The statute relating to title notes provides, "That any and all instruments in writing or promissory notes now in existence or hereafter executed evidencing the conditional sale of personal property, and that retains the title to the same in the vendor until the purchase-price is paid in full, shall be void as against innocent purchasers, or the creditors of the vendee," unless recorded.   (Gen. Stat. 1909, § 5237.)

No reason can be suggested for regarding contracts of this character as any different in effect from chattel mortgages.

The decision in *National Bank v. Tufts,* 53 Kan. 710, 37 Pac. 127, will be overruled.

The judgment in this case is reversed and the cause remanded for further proceedings.