Abernathy v. Madden.

No. 18,632.

S. W. ABERNATHY, *Appellee,* v. W. J. MADDEN,
*Appellant.*

SYLLABUS BY THE COURT.

UNRECORDED CHATTEL MORTGAGE—*When Valid as Against Subsequent Purchaser.* One who, knowing of the existence of a chattel mortgage, obtains possession of the mortgaged property in exchange for a note executed by the mortgagor prior to the date of the mortgage, can not maintain such possession against the mortgagee, notwithstanding the mortgage has not been filed for record.

Appeal from Ellis district court; JACOB C. RUPPENTHAL, judge. Opinion filed March 7, 1914. Affirmed.

*A. D. Gilkeson,* of Hays, for the appellant.

The opinion of the court was delivered by

MASON, J.: On January 25, 1909, S. W. Abernathy sold a piano to W. B. Kirkland, taking in part payment a note for $300, due November 9, 1909, which within a day or two was sold to the First National Bank of Hays. A few days later Abernathy sold Kirkland another instrument, taking in payment the old one, and a note for $315 secured by a chattel mortgage on the new piano, which, however, was not recorded. On November 13, 1909, a representative of the bank went to Kirkland's residence and obtained possession of the mortgaged piano, which was delivered to W. J. Madden, the cashier. On the same day the mortgage was recorded. Abernathy brought replevin against Madden and obtained a judgment for the possession of the piano. Madden appeals.

Madden contends that the court erred in instructing the jury that he claimed title to the piano by reason of its sale to him by Kirkland's wife in consideration of the payment of a note. He asserts that he did not

claim the property as a purchaser, but as a creditor enforcing his demand against the property. In his brief he gives this version of the transaction by which he obtained possession of the piano:

"The note being past due, the Bank sent its collector to Mr. Kirkland's residence for the purpose of collecting it. The maker of the note, William B. Kirkland, had at this time left the country. Upon consultation with the wife of William B. Kirkland, she concluded that she could not pay the note and gave the collector the piano in payment of the note, and she received the note."

We think the court committed no error against the defendant in holding that this transaction amounted to a sale. It was a sale if Mrs. Kirkland was authorized to act for her husband. Otherwise it was a mere physical seizure of the property by Madden, which gave him neither title nor lien. Madden maintains that the bank was a "creditor" within the statute making an unrecorded chattel mortgage void as to "creditors" (Gen. Stat. 1909, § 5224), and that the court erred in refusing to instruct that the bank was entitled to retain the piano if it obtained possession of it before the mortgage was filed for record, whether it had notice of the mortgage or not. The prevailing doctrine is that no creditor (at least none whose claim originated before the mortgage was given) can take advantage of the failure to record a chattel mortgage until he has obtained a lien by legal process. (5 A. & E. Encycl. of L. 1016; 6 Cyc. 1070.) And this rule is recognized in Kansas. (*Dayton v. Savings Bank*, 23 Kan. 421; *Neerman v. Caldwell*, 50 Kan. 61, 31 Pac. 608; *Geiser v. Murray*, 84 Kan. 450, 452, 114 Pac. 1046; *Paul v. Lingenfelter*, 89 Kan. 871, 873, 132 Pac. 1179.) The facts in *Neerman v. Caldwell* were quite similar to those here presented, except that the mortgaged property was taken as security for an old note, instead of in payment; the fact that the holder of the note knew of the prior chattel mortgage was held to prevent his

taking advantage of the failure to record it. In *Paul v. Lingenfelter* the distinction was recognized between a "creditor" within the meaning of the statute, and one who has received chattels as security for the payment of an existing debt. In New York the statute has received a different interpretation. (See *Davidson v. Osborne,* 135 N. Y. Supp. 675, and cases there cited.)

Complaint is also made of an instruction to the effect that the possession in behalf of the bank could not be upheld, if it was obtained after the mortgage was filed. The objection is that the evidence presented no such issue. The testimony was that the loading of the piano began about eleven o'clock in the morning, and that it was delivered at Madden's house before noon. The register's endorsement showed that the mortgage was filed at 1:20 P. M. of the same day. The difference in time was so narrow that we think the court was justified in submitting the question. At all events no prejudice appears.

The court charged that the plaintiff was entitled to recover if the bank knew of the chattel mortgage when Madden obtained possession, provided the mortgage was given as a part of the purchase price of the piano. The proviso is complained of as introducing an extraneous issue. It was necessary, because if the mortgage had not been for purchase money the signature of Kirkland's wife would have been necessary to its validity.

The judgment is affirmed.