No. 18,781.

W. E. DIXON, *Appellee,* v. G. R. TYREE et al., *Appellees,* and HARRY MOOMAW, *Appellant.*

SYLLABUS BY THE COURT.

1. UNRECORDED CHATTEL MORTGAGE—*Absolutely Void as Against Subsequent Mortgagee in Good Faith.* Under section 5224 of the General Statutes of 1909 a chattel mortgage of an automobile, not recorded and not accompanied by immediate delivery and followed by actual change of possession of the property, is absolutely void as against a subsequent mortgagee in good faith, although the subsequent mortgage is not filed for record and possession is not taken under it.

2. SAME—*Effect of Taking Subsequent Possession—Filing of First Mortgage.* The fact that the holder of the mortgage first given obtains possession of the automobile from the owner of a barn where the mortgagor kept it, and records his mortgage before the other mortgage is recorded and without knowledge of its existence, does not validate his mortgage and give it priority.

3. SAME. To accomplish the result just stated the holder of the mortgage first given must take possession or file his mortgage for record by virtue of joint action with the mortgagor. In that event the mortgage has the effect of a mortgage given the day possession is taken or the instrument is filed for record, and is given priority by the statute over the unrecorded mortgage.

4. SAME — *Who are Subsequent Creditors of Mortgagor.* The term "creditors" used in the statute referred to, which gives creditors the same status as subsequent purchasers or mortgagees in good faith, does not mean general creditors but only those who have perfected a right to appropriate the specific property, as, for example, by attachment or execution levy.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed April 11, 1914. Affirmed.

*E. S. Hadley,* of Wichita, for the appellant.

*S. S. Hawkes,* and *T. V. McCluggage,* both of Wichita, for the appellees.

The opinion of the court was delivered by

BURCH, J.: In September, 1911, Tyree purchased an automobile from Moomaw and gave a chattel mortgage to secure a portion of the purchase price. The mortgage was withheld from record until April 2, 1912. On March 2, 1912, Dixon loaned Tyree a sum of money and took as security a chattel mortgage on the automobile. Dixon had no knowledge of the Moomaw mortgage and withheld his own mortgage from record. During all this time the automobile remained in Tyree's possession. Tyree left the state, and on April 2 Moomaw found the automobile in a barn owned by L. K. Hoyt. Hoyt claimed that Tyree owed twenty dollars for rent and storage of the automobile. Moomaw paid this claim, took possession of the automobile, and filed his mortgage for record. Dixon then brought replevin. Moomaw had no knowledge of Dixon's mortgage until after the events of April 2. Dixon recovered and Moomaw appeals.

On final analysis the question presented is one of statutory interpretation. The statute involved reads as follows:

"Every mortgage or conveyance intended to operate as a mortgage of personal property, which shall not be

.accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage or a true copy thereof shall be forthwith deposited in the office of the register of deeds in the county where the property shall then be situated, or if the mortgagor be a resident of this state, then of the county of which he shall at the time be a resident." (Gen. Stat. 1909, § 5224.)

Since Moomaw's mortgage had not been recorded and he had not taken possession of the automobile prior to March 2, his mortgage was absolutely void as against Dixon, who on that day became a subsequent mortgagee in good faith.  Dixon then had a first lien, which he needed to protect only as against creditors and as against purchasers and mortgagees who became such subsequent to March 2.  Moomaw did not belong to any of these classes.  The term "creditors," within the meaning of this statute, includes only those who have perfected a right to appropriate the specific property, as, for example, by attachment or execution levy. (*Cameron, Hull & Co. v. Marvin,* 26 Kan. 612, 627; *Abernathy v. Madden,* 91 Kan. 809, 139 Pac. 431.) Following March 2, Moomaw's rights rested entirely upon his chattel mortgage.

The fact that Moomaw took possession and filed his chattel mortgage for record in ignorance of Dixon's mortgage is of no avail.  He did so not as a creditor and not as a purchaser or mortgagee who became such subsequent to March 2, but merely as the holder of an unrecorded mortgage which, on March 2, became of no legal effect so far as Dixon was concerned.  Dixon rested under no necessity to record his mortgage except as to creditors and as to purchasers and mortgagees subsequent to him.

The fact that Moomaw took possession did not strengthen his position.  He took possession by virtue

of his chattel mortgage only, and this instrument was a nullity as to Dixon. While Moomaw's possession was good against the mortgagor, it was good only by virtue of the right conferred by and the consent expressed in his mortgage, which fell before Dixon's superior right as a subsequent mortgagee in good faith.

If after Dixon's interest attached the mortgagor had delivered possession to Moomaw, or if the mortgagor had authorized Moomaw to take possession, or had given consent that Moomaw take possession, and possession had followed, Dixon's mortgage would have failed as against Moomaw just as Moomaw's mortgage now fails as against Dixon. By virtue of the new arrangement Moomaw would have become in legal effect a mortgagee in good faith subsequent to the giving of Dixon's mortgage. He would occupy precisely the same situation as a third person taking a mortgage in good faith. The same result would have followed if by new consent, or other arrangement with the mortgagor, Moomaw had filed his mortgage for record. In that event Moomaw's right would have dated as if it had originated with the new transaction with the mortgagor, consummated by filing the instrument for record.

"If the mortgagee, whose mortgage is not recorded, and who does not have possession of the property, records his mortgage with the consent of the mortgagor, or takes possession of the property with the consent of the mortgagor, his mortgage then has the force and effect of a mortgage executed on the day on which it is filed for record, or on which the property is delivered. It is the same then as though a new mortgage had been executed by the parties and recorded. The old mortgage is then given life and force and effect by the joint action of both the parties, and hence must be held to be valid from that time on, as against all persons." (*Cameron, Hull & Co. v. Marvin*, 26 Kan. 612, 628.)

Dixon v. Tyree.

Commenting on this doctrine the supreme court of Oklahoma said:

"Nor is it inequitable to the junior mortgagee that this should be so, for the force of the statute on which he relies to give validity to his mortgage over the prior unrecorded mortgage also renders his unrecorded mortgage liable likewise to be held void as to subsequent incumbrancers or purchasers in good faith and without notice. This construction placed upon the statute will make it uniform in its operation as to all." (*Garrison et al. v. Street & Harper Furn. & Carpet Co.*, 21 Okla. 643, 651, 97 Pac. 978.)

In this case the mortgagor absconded and Moomaw was relegated to his rights under his naked chattel mortgage, which had lost its priority as against Dixon.

The precise question here involved was considered and decided by the supreme court of Iowa in the case of *Sheets v. Poff*, 123 Iowa, 714, 99 N. W. 573. The syllabus reads as follows:

"Under Code, section 2906, the rights of a chattel mortgagee without notice of a prior unrecorded mortgage are superior to those of the holder of the prior mortgage, although possession thereunder was taken before the subsequent mortgage was recorded; and the claim of the prior mortgagee will not be given preference on the ground that he was a creditor of the mortgagee."

In the opinion it was said:

"We think the plain reading of the statute, viewed in the light of the evident purpose thereof, admits of but one conclusion; that the failure to record was without effect as bearing upon the respective rights of the mortgagees. The statute says that an unrecorded mortgage of chattels shall be held invalid as against subsequent purchasers without notice. And it has been uniformly held that a subsequent mortgagee is a purchaser within the meaning of the statute. Without doubt, therefore, Mrs. Holloway had the right to rely upon the fact that the record disclosed no incumbrance on the property when she took her mortgage, and as to all pre-existing liens or claims her status as a superior

lienholder became fixed upon the delivery to her of such mortgage. The rights thus acquired by her could not thereafter be destroyed by any act of the plaintiff, assuming to proceed under authority of his unrecorded mortgage. As to him no notice of the subsequent mortgage, either actual or constructive, was required, as in no sense could he be prejudiced by want of notice. It is subsequent purchasers or mortgagees that may be heard to complain of a failure to give notice, and hence, by her failure to record her mortgage, the defendant took chances only on some subsequent disposition of the property by the owner thereof still remaining in possession." (p. 716.)

It does not appear from the agreed facts that Hoyt held a lien upon the automobile and Moomaw acquired no lien by the payment of Hoyt's claim.

The judgment of the district court is affirmed.