Commercial Loan and Mortgage Co. v. Jones.

---

No. 27,672.

THE COMMERCIAL LOAN AND MORTGAGE COMPANY, *Appellee,* v. W. B. JONES, as W. B. JONES MOTOR COMPANY, *Appellant.*

(261 Pac. 555.)

SYLLABUS BY THE COURT.

CHATTEL MORTGAGES — *Recording Act — Sufficiency of Actual Knowledge or Notice.* Where a party is about to acquire an interest in personal property and has actual knowledge or notice of an existing mortgage thereon, such actual notice takes the place of the constructive notice intended by the recording act, and he is not in a position to avail himself of alleged defects in the record of such mortgage.

Appeal from Butler district court, division No. 2; GEORGE J. BENSON, judge. Opinion filed December 10, 1927. Affirmed.

*N. A. Yeager* and *R. A. Cox,* both of Augusta, for the appellant.

*F. J. Leasure,* of El Dorado, and *S. A. Denyer,* of Drumright, Okla., for the appellee.

Appeal and Error, 4 C. J. p. 650 n. 37.   Chattel Mortgages, 11 C. J. pp. 520 n. 54, 650 n. 70, 660 n. 93; 5 R. C. L. 416.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action by the Commercial Loan and Mortgage Company against W. B. Jones, trading as W. B. Jones Motor Company, for conversion of a Ford· car on which the loan company held a mortgage. The mortgage was given in Oklahoma April 16, 1925, and on April 23, 1925, recorded in the proper county where the mortgagor resided and the car was at the time kept. On May 26, 1925, the mortgagor gave a bill of sale of the car to Jones at his place of business in Augusta, Kan., stating that it was free and clear of encumbrances, and Jones accepted it as part payment on a new Hudson which he sold the mortgagor, taking back a mortgage on it for the difference in value. Jones had known the mortgagor about three weeks before effecting the exchange. The mortgagor told him the Ford was mortgaged in Oklahoma and there remained one more payment to be made. Later, on the day of the exchange, he said he had made that payment and it was now clear. Jones did not examine the records in Oklahoma or make any inquiry in that state concerning the mortgagor. In the pleadings and evidence it was developed that the mortgagor used a different name in dealing with Jones at Augusta than the one he used in Oklahoma. In the purchase of the Ford and the giving of the mortgage in Oklahoma he used the name R. C. Rone, and so registered at the hotel in Oklahoma, but in dealing with the defendant, Jones, and registering at the hotel in Augusta, he used the name R. E. Wrone. The defendant, Jones, maintained that because he took a valid bill of sale of the Ford from the owner· and because of the records of Oklahoma not showing any mortgage having been given by his vendor, R. E. Wrone, he was an innocent purchaser and entitled to protection in the purchase. The trial court held otherwise, and Jones appeals.

The chattel mortgage recording acts of Oklahoma were introduced in evidence. Like those in Kansas, they are intended for constructive notice, and as to subsequent purchasers and encumbrancers only apply where such purchasers or encumbrancers do not have actual notice or knowledge of a prior mortgage. "Actual notice is as effectual as constructive notice by record as against a subsequent mortgagee." (*Neerman v. Caldwell*, 50 Kan. 61, 63, 31 Pac. 608.) "Actual notice of a chattel mortgage is equivalent to filing." (5 R. C. L. 416.) This rule applies even where the prior mortgage has never been recorded.

"One who, knowing of the existence of a chattel mortgage, obtains possession of the mortgaged property in exchange for a note executed by the mortgagor prior to the date of the mortgage, cannot maintain such possession against the mortgagee, notwithstanding the mortgage has not been filed for record." (*Abernathy v. Madden*, 91 Kan. 809, syl., 139 Pac. 431.)

There is no question as to the fact that Jones knew of the Oklahoma mortgage. He admits that his vendor told him of it, but says he later told him it had been paid. The notice or knowledge is sufficient if it be such as will put a prudent man upon inquiry. "It is sufficient if it puts a reasonable man upon inquiry which would certainly lead to a knowledge or a disclosure of the mortgage." (5 R. C. L. 417.) We think there was ample information here to put the defendant upon his inquiry, and the subsequent statement of the same party that the last payment had been made was not under the circumstances, and particularly such short acquaintance, sufficient to justify him in relying upon the statement that the mortgage had been released.

"It is clear that a mere statement to an intending purchaser that the property is covered by a mortgage is sufficient to put him upon inquiry, and he cannot thereafter claim to be an innocent purchaser." (5 R. C. L. 444.)

Forcible argument and numerous authorities are presented as to the name being spelled differently in the mortgage and bill of sale, and that the record of the mortgage in Oklahoma did not show the mortgage where Jones would have looked for it in the index of mortgages, but that argument would have come with greater force if he had in fact, when upon his inquiry, looked for it on the records and failed to find it after diligent search.

"A chattel mortgage is, in most jurisdictions, valid as against a subsequent purchaser with notice thereof, although it has not been filed or recorded." (11 C. J. 520.)

The evidence shows he did not examine the records or endeavor to have them examined until some time after the plaintiff made demand upon him for its claim under the mortgage. The defendant in this case, with his knowledge or notice of the encumbrance and his failure to examine the records, is not in a position to claim any advantage of a mistake in the record, if there was one.

Reaching this conclusion makes it unnecessary to consider the alleged defects in the bill of sale received by defendant from the vendor and the effect of indexing the mortgage under a different name from that by which the defendant knew the vendor.

The judgment is affirmed.