**Charles MOHN d/b/a Charles Mohn Sales Company, Respondent,**

v.

**ZAHNER MANUFACTURING COMPANY, a corporation, Appellant.**

No. 22822.

Kansas City Court of Appeals. Missouri.

Nov. 3, 1958.

Jay L. Oldham, Kansas City, for appellant.

Southall & Southall, by R. J. Southall, Kansas City, for respondent.

CAVE, Judge.

This is an appeal from a judgment of the circuit court in favor of plaintiff and against the defendant in the sum of $135 for the conversion of a "meat chopper".

The cause was tried to the court without a jury. Plaintiff's petition was in the usual form, and defendant's principal defense was that the conditional sales contract relied on by plaintiff was void because it had not been recorded. The transactions hereinafter related took place in the State of Kansas and the law of that state applies.

It appears that on June 13, 1955, plaintiff was the owner of a used Stimson meat chopper, and on that date he sold and delivered it to one George Carter, who executed a conditional sales contract wherein he promised to pay the sum of $135 for said item at certain times specified in the contract. On June 15th, two days later, the defendant sold a number of items of restaurant equipment to the said George Carter, who executed a chattel mortgage to the defendant specifically describing the items that had been purchased from the defendant. The chattel mortgage also contained this provision: "And it is expressly understood and agreed that this mortgage shall include any property acquired *hereafter*, whether purchased from the Zahner Mfg. Co., or otherwise, acquired for use on or in connection

with any of the above described property". (Italics supplied.)

Carter defaulted on the payments due under the chattel mortgage and the conditional sales contract, and on July 30, 1955, defendant took possession under its chattel mortgage of the items it had sold to Carter, and also the meat chopper. Plaintiff made demand for return of the meat chopper but defendant refused, and this suit followed.

■ It is conceded that the conditional sales contract was not recorded, and defendant contends that, for that reason, the contract is void, citing Section 58–314, General Statutes of Kansas, 1949. This statute does provide that if such a conditional sales contract is not recorded it "shall be void *as against innocent purchaser, or the creditors of the vendee, * * *"*. (Italics supplied.) It is conceded that defendant is not an innocent purchaser. Consequently, that provision of the statute is inapplicable. The other clause, "or the creditors of the vendee", has been construed by the courts of Kansas to be applicable only to *those creditors* who have acquired a *lien* on the property and not merely to *general creditors.* Wyatt v. Duncan, 149 Kan. 244, 87 P.2d 233; Dixon v. Tyree, 92 Kan. 137, 139 P. 1026; Great Western Stage Equipment Co. v. Iles, 10 Cir., 70 F.2d 197; and Big Four Implement Co. v. Wright, 8 Cir., 207 F. 535.

In an effort to bring itself within the statutory category "as a creditor", the defendant relies upon the provision of its chattel mortgage, quoted supra, to the effect that its mortgage would include property "acquired hereafter"; that is, acquired by Carter after the execution of the chattel mortgage. This provision will not aid the defendant, because the meat chopper was acquired by Carter *before* the execution of the chattel mortgage. Thus defendant did not acquire a lien on the meat chopper, and it must stand in the position of a general creditor. Under such circumstances, the conditional sales contract was not invalid as to it and other general creditors. See cases cited supra.

■ In its brief, defendant makes some sort of a contention that the conditional sales contract was void because of false and fraudulent statement of facts therein. The pleadings do not raise any issue of fraud. Such an issue was not before the trial court, and is not before this court.

■ Defendant's last contention is that the court erred in finding the value of the meat chopper to be $135. This is on the theory that there was no evidence of the fair market value of the property at the time of conversion. Plaintiff testified that the fair value of the property on the date of sale, June 13, 1955, was $135; that he delivered the property to Carter in good condition; that defendant converted it on July 30, 1955, and that he, the plaintiff, had not been permitted to see or inspect the property since it had been delivered to Carter. Under the circumstances, we think the evidence was sufficient for the trial court to find the reasonable value of the property to be $135. The cases cited by the defendant merely announce the general rule that the measure of damages for conversion is the reasonable value of the property at the time it was converted, and not what was paid for it. There can be no doubt about the correctness of that general rule, but such cases are not controlling under the facts in this case.

The judgment is affirmed.

All concur.